WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santa Fe Gold Corp., *et al.*, <br><br>　　　　　Plaintiffs, <br><br>v. <br><br>Sanders, *et al.*, <br><br>　　　　　Defendants. | No. CV-21-0373-TUC-BGM <br><br><br> **ORDER** |

Currently pending before the Court are Defendant Douglas Murray Sanders's Motion for Extension of Time to File Response (Doc. 12) and Motion for Leave to Request Waiver of Service Via Plaintiffs' Counsel (Doc. 15).

***Subject Matter Jurisdiction***

Defendant Douglas Murray Sanders removed this cause of action from Pima County Superior Court based upon diversity of citizenship. Not. of Removal (Doc. 1).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994); *see also* U.S. Const. art. III. District courts have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state, defined in section 1603(a) of this title as plaintiff and citizens of a State or of different States." 28 U.S.C. § 1332.

This is referred to as diversity jurisdiction.  Section 1441, 28 U.S.C., delineates which actions are removable.  "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).  There exists, however, a "'strong presumption' against removal jurisdiction [which] means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.* 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Federal courts "strictly construe the removal statute against removal jurisdiction." *Id.* (citations omitted).  Additionally, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

Plaintiffs' Complaint (Doc. 1-3) alleges eight (8) grounds for relief:  1) recording false documents; 2) filing a false or misleading non-consensual lien; 3) a special action to remedy filing of false or fraudulent secured interest; 4) pattern of unlawful activity; 5) illegal control or conduct of an enterprise; 6) interference with contract or business expectancy; 7) declaratory relief; and 8) injunctive relief.  Rule 8(b)(1), Arizona Rules of Civil Procedure, instructs that "[i]n all actions in which a party is pursuing a claim other than for a sum certain or for a sum which can by computation be made certain, no dollar amount or figure for damages sought shall be stated in any pleading[.]" Ariz. R. Civ. P. 8(b)(1).  Accordingly, Plaintiffs' Complaint (Doc. 1-3) does not specify an amount in controversy.[1]  "Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of evidence that the amount in controversy exceeds [the jurisdictional minimum]."  *Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) (citations omitted).

---

[1] Counts One (1) through Six (6) of Plaintiffs' complaint (Doc. 1-3) suggest potential damages of 1) $5,000.00 plus reasonable attorney's fees; 2) $500.00 plus reasonable attorney's fees; 3) reasonable attorney's fees; 4) up to treble damages plus pre-judgment interest, costs, and reasonable attorney's fees; 5) up to treble damages plus pre-judgment interest, costs, and reasonable attorney's fees; and 6) net profits/benefit plus punitive damages.

Defendant Sanders claims that "[b]ased on [his] documented claims under the Uniform Commercial Code against non-parties, which the Plaintiffs are fraudulently and illegally attempting to render void under the State Court Action, Defendant Sanders has actual knowledge and proof that the amount in controversy exceeds the jurisdictional requirement of $75,000 for removal of actions based on diversity." Def.'s Not. of Removal (Doc. 1) at ¶ 13. The jurisdictional amount in controversy is what Plaintiffs' claims are worth, not speculation regarding the value of claims Defendant might have against non-parties. As such, Defendant has not met his burden to demonstrate this Court has subject matter jurisdiction.

Accordingly, IT IS HEREBY ORDERED that:

(1) Defendant Douglas Murray Sanders's Motion for Extension of Time to File Response (Doc. 12) is GRANTED. He shall have forty-five (45) days following remand to Answer or otherwise respond to Plaintiffs' Complaint;

(2) Defendant's Motion for Leave to Request Waiver of Service Via Plaintiffs' Counsel (Doc. 15) is DENIED AS MOOT;

(3) This case is REMANDED to Pima County Superior Court (Cause # C20214048);

(4) The Clerk of the Court shall mail a certified copy of this Order to the Clerk of the Pima County Superior Court; and

(5) The Clerk of the Court shall then close its file in this matter.

Dated this 18th day of November, 2021.

*[signature]*
Honorable Bruce G. Macdonald
United States Magistrate Judge