**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Santa Fe Gold Corp., *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>Sanders, *et al.*,<br><br>                    Defendants. | No. CV-21-0373-TUC-BGM<br><br>**ORDER** |

Currently pending before the Court is Defendant Douglas Murray Sanders's Motion to Set Aside Order Pursuant to Fed. R. Civ. P. 60(b); Exhibits (Doc. 18). Defendant Sanders seeks relief from the Court's November 19, 2021, Order (Doc. 16) remanding this matter to the Pima County Superior Court.  *See* Def.'s Mot. to Set Aside (Doc. 18).  The Court will consider Defendant's motion as one for reconsideration.

"The Court will ordinarily deny a motion for reconsideration of an Order absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence."  LRCiv. 7.2(g). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) (citations omitted); *see also Bahrs v. Hughes Aricraft Co.*, 795 F.Supp. 965, 967 (D. Ariz. 1992). Rule 60(b), Federal Rules of Civil Procedure, provides for reconsideration where one or more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud by the adverse party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b); *School Dist. No. 1J v. ACandS Inc.*, 5 F.3d at 1263.   Subparagraph (6) requires a showing that the grounds justifying relief are extraordinary.  *See Twentieth Century-Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338, 1341 (9th Cir. 1981).

   "A motion for reconsideration should not be used to ask a court 'to rethink what the court had already thought through—rightly or wrongly[.]'"  *Defenders of Wildlife v. Browner*, 909 F.Supp. 1342, 1351 (D. Ariz. 1995) (quoting *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  "Arguments that a court was in error on the issues it considered should be directed to the court of appeals."  *Id.*  Furthermore, a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."  *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).  Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion.  *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).   Mere disagreement with a previous order is an insufficient basis for reconsideration.  *See Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988).

   Having reviewed the motion to reconsider and the record in this case, the Court finds no basis to depart from its original decision.  Defendant has not presented any evidence to support reconsideration of the Court's remand order.  As the Court previously observed, "[t]he jurisdictional amount in controversy is what Plaintiffs' claims are worth, not speculation regarding the value of claims Defendant might have against non-parties."  Order 11/19/2021 (Doc. 16) at 3.

. . .

. . .

1         Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Set Aside

2  Order Pursuant to Fed. R. Civ. P. 60(b); Exhibits (Doc. 18) is DENIED.

3         Dated this 26th day of January, 2022.

4

5  Honorable Bruce G. Macdonald
       United States Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28